IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**EDWARD H. PAYNE JR.**

    Plaintiff

                                                                  **NO:**

    v.

**METROPOLITAN BALA APARTMENTS**

**AND METROPLOITAN MANAGEMENT**

    Defendants

## AMENDED COMPLAINT

**I.**    **INTRODUCTION**

1. Plaintiff, Edward H. Payne Jr. (E. Payne) brings this action under The Clean Air Act of 1963, Clean Air Act of 1990 U.S. Code Title 42, Chapter 85, and the Pennsylvania Clean Indoor Air Act (CIAA). E Payne seeks compensatory damages, punitive damages, interest, cost, injunctive relief, negative tax consequence damages and attorney's fees from Defendants, and all else in which the Court seems appropriate according to governing statutes from The Metropolitan Bala Apartments, (collectively) The Metropolitan Management Group.

1

## II. JURISDICTION

2. This Court has jurisdiction over E Payne's claims pursuant to The Clean Air Act of 1963 and The Clean Air Act of 1990 U.S. Code 42 Chapter 85. Furthermore, Defendant's conduct regarding E Payne violated the PHRA and the pendant jurisdiction of this Court is invoked to remedy those violations.

3. E Payne exhausted all remedies available to him as set forth in U.S. Code 42 Chapter 85 and the Pennsylvania Public Health

## III. PARTIES

4. Plaintiff E Payne resides at 2746 Belmont Avenue, apartment 305, Philadelphia, PA. 19131.

5. Defendants, The Metropolitan Bala Apartments and Metropolitan Management at 2746 Belmont Avenue, Philadelphia, PA. 19131.

6. Both The Metropolitan Management Group and the Metropolitan Bala Apartments.

## IV. FACTS

7. On or about February 8, 2023, the Plaintiff (E Payne) notified the property manager Shanna Anderson of the order of cigarette smoke in

2

his unit (Apartment 305). The property manager (S. Anderson) replied something to the effect of, "we are not here all day, and it is hard to know when people are smoking in their units." S. Anderson also replied," if have a specific unit number I can contact the resident, but in the meantime, I will send a letter out to all surrounding units."

8. The Plaintiff (E Payne) was admitted to the Veterans Affairs Michael J. Crescenz Medical Center twice this year due to **Acute Congestive Heart Failure**. The dates are March 24, 2023, to March 26, 2023, and August 28, 2023, to August 29, 2023.

9. On or about September 15, 2023, Property Maintenance was notified of my respiratory distress due to poor **Indoor Air Quality (AQI)** and immediately dismissed my claim. Travis even went as far as to say, "you must have COVID". Travis also stated that, "it can't be the air conditioner because it is only cold air running through pipes." J. recommended that I close the vent door in the living room.

10. In the property's laundry room, **the vent cover is so saturated with dust that the metal or the material of the vent cover is barely visible.** Clearly there is dust in the property's air duct and or ventilation

system(s) and chances are pollen and other common allergens are also present.

11. The Plaintiff (E. Payne) plans to move of the Metropolitan Bala unit on or before January 31, 2024.

12. The penalty for E. Payne breaking the lease is lawfully forfeited, due to the Defendants (Metropolitan Bala) breaching the Leasing Agreement (Contract).

V.  **CLAIMS**

## COUNT I- SMOKING

## BREACH OF RENTAL AGREEMENT CONTRACT

13. The acts, failures to act, practices and policies of Metropolitan Management Group, as set forth above constitute contract breaches as set forth in the Public Health Amendments, cigarette smoke contains more than four thousand (4,000) harmful substances, two hundred (200) are known carcinogens (cancer causing agents/substances).

14. As a direct result of their actions and or failure to act the Metropolitan Bala Apartments is liable for damages including, but not

4

limited to Punitive damages, Actual damages, Nominal damages, Anxiety, Embarrassment, Humiliation and Stress.

## COUNT II- INADEQUATE AIR QUALITY

## PUBLIC HEALTH AMENDMENTS VIOLATION

15. The acts, failures to act, practices and policies of Metropolitan Bala Apartments set forth above constitute a Breach of a Leasing Agreement Contract as set forth in the Pennsylvania Air Quality Act the Mold Information and Prevention Addendum acknowledges that appropriate cautions must be taken with mold. The same Addendum also acknowledges that we "Property Management" cannot fix problems in your "the tenants" apartment(s) unless they know about them. The Pennsylvania Air Quality Codes $123.1 requires that the owners prevent particulate matter **(solid particles and liquid droplets in the air formed by burning or dust generating activities)** and dust particles from active and inactive operations entering the atmosphere.

16. As a direct and proximate result of The Metropolitan Bala's illegal disregard of the **Clean Air/Air Quality Act**, and the **Pennsylvania Air Quality Codes**, E Payne has suffered damages in the

5

form of emotional distress including but not limited to, anxiety, stress, humiliation, and embarrassment.

**WHEREFORE,** Plaintiff, Edward H Payne Jr., respectfully demands judgment in his favor and against Defendants, The Metropolitan Bala Apartments for Actual damages, Nominal damages, compensatory damages, emotional distress, anxiety, humiliation and embarrassment, punitive damages (under the Fair Housing Act), attorneys fees plus cost, declaratory relief that the conduct engaged in by The Metropolitan Bala violated E Payne's civil rights, equitable/injunctive relief directing The Metropolitan Bala Apartments and the Management Group to cease any and all unlawful disregard for the Clean Air Act and the Air Quality Acts and such other relief as the Court shall deem necessary.

Respectfully submitted,

By: *(signature)*

Edward H. Payne Jr.

Pro-Se

2746 Belmont Avenue, Apt. 305

Philadelphia, PA. 19131

(267) 992-1591

tue42431@temple.edu

Date:

